## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**ERICSON A. SENTER**                                                         **PLAINTIFF**

**VERSUS**                                          **CAUSE NO.** 1:18cv226-SA-DAS

**TECNIFLEX, INC. d/b/a BANCSOURCE**                            **DEFENDANT**

                                                                              **JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual damages and punitive damages for discrimination in violation of the Americans with Disabilities Act and violation of the Employment Retirement Income Security Act. The following facts support this action:

1.

Plaintiff ERICSON A. SENTER is an adult resident citizen of 1300 Lumpkin Avenue, Tupelo, Mississippi 38801.

2.

Defendant TECNIFLEX, INC. d/b/a BANCSOURCE is a Tennessee corporation, with its principal place of business in Springfield, Missouri. Defendant may be served with process upon its registered agent, Corporation Service Company, 7716 Old Canton Road, Suite C, Madison, Mississippi 39110. Defendant is an employer within the meaning of the Americans with Disabilities Act ("ADA") and within the meaning of the Employment Retirement Income Security Act ("ERISA").

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101, *et. seq.*, and the Employment Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*

4.

Plaintiff is a former employee of Defendant. During Plaintiff's employment, he was diagnosed with bladder cancer.

5.

Plaintiff was required to have surgery and to attend doctor's appointments, including doctor's appointments in Atlanta, Georgia. Following Plaintiff's diagnosis was in April 2017, he missed several days of work for necessary medical treatment.

6.

Plaintiff's bladder cancer substantially affected his everyday life activities. Plaintiff's urination was substantially affected, as was his ability to be at work every day.

7.

On or about October 6, 2017, Defendant discharged Plaintiff from his employment.

8.

Defendant claimed the reason for Plaintiff's discharge was due to a necessary layoff, and claims he was selected for the layoff based on seniority.

9.

The layoff was caused by a loss of a large account. This account that was lost was the account of a younger, healthy employee. The logical person to have been laid off was the younger,

healthy employee. Defendant chose Plaintiff for the layoff because it was incurring substantial medical bills for him. Specifically, Defendant paid out approximately $20,896.27 for medical benefits as of the beginning of December 2017.

10.

A likely substantial contributing cause was also Plaintiff's disability, his bladder cancer, which precipitated his having to miss for treatment.

11.

Plaintiff's discharge was in violation of Section 510 of ERISA, such it was done to keep from ERISA-protected benefits. Plaintiff's discharge was also because of his disability, bladder cancer, since the cancer caused missed work and medical expenses.

12.

Plaintiff has obtained other employment, but it pays substantially less than his employment with Defendant. Furthermore, Plaintiff has paid substantial medical bills which he incurred between jobs since Defendant gave Plaintiff no COBRA notice, and Plaintiff was unable to obtain health insurance.

13.

Plaintiff has suffered mental stress and anxiety and lost income as a result of his discharge in violation of the ADA and the anti-retaliation provisions of ERISA.

14.

Plaintiff has suffered substantial mental anxiety and stress over the loss of his employment and not having insurance.

15.

Plaintiff is entitled to actual and punitive damages in an amount to be determined by a jury.

16.

Defendant's conduct is outrageous, such that punitive damages should be awarded.

17.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "A," and has received his right-to-sue letter, attached hereto as Exhibit "B."

## REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages, in an amount to be determined by a jury, reinstatement, and reasonable attorneys' fees, costs, and expenses.

RESPECTFULLY SUBMITTED, this the 6th day of December, 2018.

ERICSON A. SENTER, Plaintiff

By: */s/ Jim Waide*
Jim Waide, MS Bar No. 6857
waide@waidelaw.com
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38804-3955
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

ATTORNEY FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF LEE

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named ERICSON A. SENTER, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

*Ericson A. Senter*
ERICSON A. SENTER

GIVEN under my hand and official seal of office on this the 28th day of November, 2018.

*Karen Dempsey*
NOTARY PUBLIC



(SEAL)

My Commission Expires: